**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                Case No.:      3:11-cr-281-J-34JBT

BRYAN ADRAIN COPELAND

_____/

## ORDER

This case is before the Court on Defendant Bryan Adrain Copeland's Emergency Motion for Compassionate Release. (Doc. 162, Motion). Copeland is a 41-year-old inmate incarcerated at Atlanta USP, serving a 204-month term of imprisonment for wire fraud, aggravated identity theft, and making a false claim against an agency of the United States. (Doc. 135, Judgment on Resentencing). According to the Bureau of Prisons (BOP), he is scheduled to be released on May 9, 2026. Copeland seeks a reduction in sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), because of the Covid-19 pandemic and because Copeland has hypertension. Motion at 5. Copeland also asserts – without any supporting evidence and contrary to the BOP's data – that 75 inmates have died from Covid-19 at Atlanta USP. Id.[1] Copeland further contends that he is eligible for compassionate release because his elderly father has no caretaker and is in need of assistance. Motion at 5-6.

The United States opposes the Motion because Copeland has not established the existence of extraordinary and compelling circumstances, because the BOP is taking

---

[1] https://www.bop.gov/coronavirus/. These numbers are updated daily. Currently, they do not reflect that any inmates at Atlanta USP have died of Covid-19. Copeland did submit a report that a staff member at Atlanta USP died and posthumously tested positive for Covid-19. (Doc. 162-1 at 19-26).

1

significant measures to respond to the Covid-19 crisis, and because the § 3553(a) factors do not support a reduction in sentence. (Doc. 164, Response). Copeland has filed a reply brief. (Doc. 165, Reply).

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides in relevant part:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement on compassionate release is set forth at U.S.S.G. § 1B1.13.[2] A movant for compassionate

---

[2] The policy statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> **(1)** **(A)** Extraordinary and compelling reasons warrant the reduction; or
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

2

release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate).

Copeland has not established the existence of "extraordinary and compelling" reasons for compassionate release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. As the Third Circuit Court of Appeals recently observed, the mere existence of Covid-19 cannot independently justify compassionate release. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Copeland is 41 years old and the only medical condition he identifies is hypertension. According to the Centers for Disease Control (CDC), hypertension might increase the risk of severe illness from Covid-19, which is distinct from the medical conditions that do increase the risk of severe illness.[3] And hypertension is hardly an extraordinary condition. The CDC reports that 108 million adults in the United States (about 45% of the adult population) have high blood pressure or take medication for the condition.[4] That Copeland has hypertension is somewhat offset by Copeland's age and the fact that he receives medication to treat it. (Doc. 162-1 at 16-17). Under the circumstances, high blood pressure is not a serious medical or physical condition that prevents Copeland from being able to provide self-care within the prison environment. U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

---

**(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary defines "extraordinary and compelling reasons" to mean a defendant's medical condition, old age, certain family circumstances, or "other reasons" as determined by the Director of BOP, as set forth in § 1B1.13, cmt. 1.

[3]     https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[4]     https://www.cdc.gov/bloodpressure/facts.htm.

Copeland's assertion that his father requires a caretaker also does not render him eligible for compassionate release. "Family circumstances" qualify as an extraordinary and compelling reason for compassionate release based on the following conditions:

(i) The death or incapacitation of the caregiver of the <u>defendant's minor child or minor children</u>.

(ii) The incapacitation <u>of the defendant's spouse or registered partner</u> when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13, cmt. 1(C) (emphasis added). As the United States correctly notes, the absence of a "caregiver for the defendant's <u>parent</u> is not included in this reference." Response at 8 (emphasis in original).

Copeland urges the Court to interpret Application Note 1(D) of the compassionate release policy statement to allow the Court to grant a sentence reduction for reasons other than those enumerated in Application Notes 1(A) through 1(C). <u>See</u> Motion at 8-11 (citing, <u>inter alia</u>, <u>United States v. Cantu</u>, 423 F. Supp. 3d 345 (S.D. Tex. 2019)). The Court declines that invitation. Application Note 1(D) to § 1B1.13 provides that "other reasons" than those enumerated in the commentary may qualify as extraordinary and compelling circumstances, but these "other reasons" must be "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. 1(D). By its own terms, this provision does not authorize the Court to invent new or additional "extraordinary and compelling reasons" for compassionate release.

Congress empowered the Sentencing Commission, not district courts, to "describe what should be considered extraordinary and compelling reasons for sentence reduction [under 18 U.S.C. § 3582(c)(1)(A)], including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Nothing in the First Step Act of 2018 changed this

4

delegation of power. Moreover, the compassionate release statute provides that any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Given these clear statutory commands, the Court is bound by the relevant policy statement, U.S.S.G. § 1B1.13. See United States v. Maiello, 805 F.3d 992, 998 (11th Cir. 2015) ("In a section 3582(c)(2) proceeding, the Commission's policy statements are binding, and courts lack authority to disregard them." (citing Dillon v. United States, 560 U.S. 817, 825-28 (2010); United States v. Colon, 707 F.3d 1255, 1259-60 (11th Cir. 2013))); Stinson v. United States, 508 U.S. 36, 42 (1993) ("The principle that the Guidelines Manual is binding on federal courts applies as well to policy statements."). Likewise, the Court is bound by the policy statement's commentary as well. Stinson, 508 U.S. at 38. Nothing in § 3582(c)(1)(A) or the First Step Act contradicts the definition of "extraordinary and compelling reasons" set forth in U.S.S.G. § 1B1.13, cmt. 1. As such, the Court lacks the power to expand on the Sentencing Commission's definition of "extraordinary and compelling reasons." United States v. Winner, — F. Supp. 3d —, 2020 WL 2124594, at *2 (S.D. Ga. Apr. 24, 2020) (collecting cases); United States v. Lynn, Crim. No. 89-0072-WS, 2019 WL 3805349, at *2-4 (S.D. Ala. Aug. 13, 2019).

Finally, even if Copeland could establish the existence of extraordinary and compelling circumstances, he still would not qualify for compassionate release because the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court sentenced Copeland to a term of 204 months in prison because his crimes were serious. The fraudulent scheme that Copeland perpetrated resulted in the loss of at least $3.5 million to the taxpayers. See

5

Revised Presentence Investigation Report (PSR) at ¶ 28; see also Judgment on Resentencing at 5. In doing so, Copeland stole the identities of hundreds of victims. Revised PSR at ¶¶ 28, 42. Copeland has approximately six years remaining on his 204-month term of imprisonment. Reducing Copeland's sentence by six years would not be consistent with the statutory purposes of sentencing under § 3553(a).

Accordingly, Copeland's Emergency Motion for Compassionate Release (Doc. 162) is **DENIED**.[5]

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of July, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Defendant

---

[5] To the extent Copeland requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).